MATTHEW THOMSON, ESQ., *will comply with LR IA 11-2 within 14 days*
ADELAIDE PAGANO, ESQ., *will comply with LR IA 11-2 within 14 days*
MEL GONZALEZ, ESQ., *will comply with LR IA 11-2 within 14 days*
LICHTEN & LISS-RIORDAN, PC
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801

KRISTINA L. HILLMAN, ESQ., Nevada Bar No. 7752
SEAN W. McDONALD, ESQ., Nevada Bar No. 12817
WEINBERG, ROGER & ROSENFELD
A Professional Corporation
3199 E. Warm Springs Rd, Ste 400
Las Vegas, NV 89120
P: (702) 508-9282
F: (510) 337-1023
nevadacourtnotices@unioncounsel.net
khillman@unioncounsel.net
smcdonald@unioncounsel.net

*Attorneys for Plaintiffs Linda Wheeler and Karissa Ann Hugh, on behalf of themselves and all others similarly situated*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LINDA WHEELER and KARISSA ANN HUGH, individually, and on behalf of similarly situated individuals,<br><br>         Plaintiffs,<br><br>    v.<br><br>MARLOU CORPORATION d/b/a CLUB PLATINUM, a Nevada corporation, and RITA CAPOVILLA,<br><br>         Defendants. | CASE NO.:<br><br>CLASS AND COLLECTIVE ACTION COMPLAINT |

**INTRODUCTION**

1. Plaintiffs Linda Wheeler and Karissa Ann Hugh ("Plaintiffs") bring this collective action behalf of themselves and all other exotic dancers who have worked at Club Platinum, which is, upon information and belief, owned and managed by Defendant Rita Capovilla. Plaintiffs bring this case under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA") and Nev. Const. art. 15, § 16. Plaintiffs allege that Defendants have misclassified their exotic dancers as independent contractors rather than employees, have failed to pay them minimum wage for hours worked, and have required dancers to pay fees and tip-outs in violation of the FLSA.

**PARTIES**

2. Plaintiff Linda Wheeler is a resident of Clark County, Nevada. Wheeler worked as an exotic dancer at Club Platinum, a business organization doing business at 311 E Flamingo Rd, Las Vegas, NV 89169, from approximately 2018 to 2022.

3. Plaintiff Karissa Ann Hugh is a resident of Flagstaff, Arizona. Hugh worked as an exotic dancer at Club Platinum, a business organization doing business at 311 E Flamingo Rd, Las Vegas, NV 89169, from October through December 2021.

4. Defendant Marlou Corporation d/b/a Club Platinum ("Club Platinum") is an establishment where live topless, semi-nude or partially clothed dance entertainment is presented to adult members of the general public, Defendant Club Platinum is located at 311 E Flamingo Rd, Las Vegas, NV 89169. Marlou Corporation is a Nevada corporation.

5. Defendant Rita Capovilla is an owner-operator of Defendant Club Platinum. She directs the operations of Club Platinum's business and is directly involved in its employment decisions related to dancers such as Plaintiffs.

**JURISDICTION AND VENUE**

6. The court has subject matter jurisdiction under 29 U.S.C. § 201 *et seq*. (Fair Labor Standards Act), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1367 (supplemental jurisdiction).

7. Venue is proper in the District of Nevada because the Defendants are located in

Clark County, in this judicial district, and because the events giving rise to the Complaint took place in Las Vegas, Nevada, in this judicial district.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

8. Plaintiffs bring this action individually and as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of a collective of all individuals who worked as exotic dancers at Club Platinum at any time within the three years prior to joining this lawsuit, who were misclassified as independent contractors and who were not paid minimum wage as required by the Fair Labor Standards Act, and were subject to unlawful kick-backs under the FLSA.

9. Plaintiffs attach as **Exhibits A** and **B** to the Complaint their Notices of Consent to Become a Party Plaintiff in a Collective Action under the Fair Labor Standards Act.

10. Defendants employ individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206–207.

11. Defendants' annual gross volume of sales made or business done exceeds $500,000.

12. Plaintiffs also bring this action individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure under the Nevada state constitution, on behalf of all individuals who currently work as exotic dancers, or previously worked as exotic dancers, at Club Platinum at any time between two (2) years prior to the filing of this lawsuit and the entry of judgment in this case.

13. This action on behalf of the Rule 23 class satisfies the requirements of Fed. R. Civ. P. 23(a), as alleged in the following particulars:

    a. The proposed class is so numerous that joinder of all individual members in this action is impracticable;

    b. There are questions of law and/or fact common to the members of the proposed class regarding: (1) Defendants' conduct in classifying exotic dancers as independent contractors; (2) failing to ensure they are paid at least minimum wage for their work, and (3) effectively making illegal deductions from their wages by keeping a percentage of the dancers' tips that are paid by customers and uniformly

requiring dancers to pay a portion of their tips to managers and other non-service employees;

c. The claims of Plaintiffs are typical of the claims of the proposed class and they have the same interests as the other members of the class; and

d. Plaintiffs will fairly and adequately protect the interests of the class as they have retained able counsel experienced in class action litigation, and their interests are coincident with, and not antagonistic to, the interests of the other class members.

14. In addition, this action satisfies the requirements of Fed. R. Civ. P. 23(b) because the questions of law and/or fact common to the members of the proposed class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy because joinder of all class members is impractical. The class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## FACTUAL ALLEGATIONS

15. Plaintiffs and other exotic dancers who worked at Club Platinum performed dances on stage, private dances, and VIP room dances for Defendants' customers. Dancers may receive tips while dancing on stage as part of a mandatory stage rotation. They may also receive tips while performing private dances for customers, alone or alongside other dancers. Dancers may also receive tips for private dances performed for customers in the private VIP Rooms.

16. Defendants have misclassified their exotic dancers as independent contractors, when in reality they are employees.

17. Defendants have exercised extensive control over the manner in which its exotic dancers perform their jobs and conduct themselves while on the Club's premises, including how much they can receive for private dances and VIP sessions, how they dress and perform on stage, and other rules. For instance, Defendants prohibit any touching between dancers and customers. Dancers must also have at least one foot on the ground while dancing on stage. Likewise, Defendants require that dancers participate in a stage rotation, which requires them to dance on

stage frequently throughout their shifts. Defendants also control the dress code; dancers must wear two pairs of underwear at all times and high heels. They must also change outfits at least two or three times per night. Dancers are not permitted to have their phones while on the main floor or use any of the gaming devices (*i.e.*, slot machines). Defendants mandated that when switching between customers, dancers would have to dispose of their drinks. Defendants also required dancers to say specific things to customers, such as detailing the rules and fees of the establishment. Dancers were also obligated to work at least three days per week and were often required to work additional shifts when the Club was busy..

18. Defendants communicated these rules and requirements to dancers by posting signs at Club Platinum, handing out documents with a list of rules, and communicating with dancers extensively through group chats and group messaging platforms to discuss the Club's requirements. Specifically, Defendant Capovilla has directed Plaintiffs and other dancers regarding how to perform their jobs, both via group chats and in person. Defendant Capovilla is frequently at the Club, directing Plaintiffs' work, and even when she is not present, she is in close communication with managers at the Club. Defendant Capovilla decides when dancers can leave for the night and decides what fees Dancers will pay and how much of the tips that dancers have earned will be given to them.

19. Dancers have no control over the customer volume, advertising, or atmosphere at the Club, which is controlled entirely by Defendants.

20. Defendants retain the power to hire and fire the exotic dancers and have disciplined or threatened to discipline dancers who do not comply with Defendants' requirements or who break the rules.

21. At all relevant times, Club Platinum dancers have not held themselves out to be in business for themselves. Instead, the dancers are economically dependent on their relationship with Defendants for a substantial portion of their earnings.

22. In addition, Club Platinum is in the business of providing adult entertainment to its patrons. Thus, the dancers clearly perform services in the usual course of Defendant's business, and

without the dancers, Club Platinum would have no business, such that the dancers' work is integral to Defendant's business.

23. At all times relevant to this Complaint, Defendants have treated Plaintiffs and other dancers in a substantially similar manner with respect to their policies and practices.

24. At all relevant times, the federal minimum wage has been $7.25 per hour.

25. The upper-tier minimum wage in Nevada has been between $8.25 and $11.25 during the relevant time period.

26. Defendants did not pay the exotic dancers who have worked at Club Platinum the minimum wages required by state and federal law (or any wages).

27. Instead, the exotic dancers who have worked at Club Platinum receive compensation only in the form of gratuities from patrons, paid for dancing on stage, performing private dances, or dancing in the VIP Rooms, and only in the amounts that Defendants unilaterally determine. Indeed, Defendants record all tips paid to Plaintiffs and other exotic dancers, including cash and credit-card tips paid while they are dancing on stage and that is paid while they are performing private dances for customers. Defendants disburse only a portion of those tips to the dancers. Plaintiffs and other dancers have been required to share a portion of all of their tips with the Club.

28. In order to perform their job, the dancers have been required to pay "house fees" to Defendants in an amount between $30 and $60 for every shift, depending on what time they arrive. Defendants also set the price for private VIP Room dances and how much dancers would be paid for those dances: customers would pay $250 for half an hour in the VIP Room, and $200 would be paid to the dancer. During special events such as a bachelor parties, Defendants would also set the amount that dancers would receive in tips per dance. Defendants unilaterally determined how much Plaintiffs and other dancers must pay in order to work, and they must pay their fees when they clock in at the start of each shift.

29. Defendants also required dancers to distribute some of their earned tips to the DJs and security staff.

## CLAIMS FOR RELIEF

### Count I:  Minimum Wage under the FLSA

30. Plaintiffs incorporate by reference the previous paragraphs of the Complaint.

31. Pursuant to 29 U.S.C. § 206, an employer must pay employees at least the minimum wage for all hours worked.

32. The Defendants failed to pay Plaintiffs and collective action members the minimum wage as required by 29 U.S.C. § 206. Further, Defendants are not permitted to take the tip credit against the minimum wage (and thus pay the reduced hourly rate for tipped employees of $2.13 per hour) because they did not provide the required notice to the dancers in order to take the tip credit and because the dancers have not been allowed to retain all tips they have received, but instead have been required to share their tips with management and with other employees or agents of Defendants who are not among employees who customarily and regularly receive tips, and not pursuant to a valid tip pooling or sharing arrangement under applicable law.

33. Defendants' misclassification of dancers as independent contractors when they were really employees was knowing, willful, and intentional. Defendants knew or should have known that Plaintiffs and the other dancers, performing the same job functions, were being improperly misclassified as independent contractors given the wealth of case law that has concluded that similarly situated exotic dancers are employees of the clubs for which they work.

34. Plaintiffs and the members of the proposed collective are also entitled to liquidated damages equal to the amount of unpaid minimum wages due to them under the FLSA, pursuant to the FLSA, 29 U.S.C. § 216(b).

### Count II:  Unlawful Retention of Tips and Kickbacks under the FLSA

35. Plaintiffs incorporate by reference the previous paragraphs of the Complaint.

36. 29 U.S.C. § 203(m)(2) provides that "[a]n employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

37. The house fees and mandatory tip-outs that Defendants required from Plaintiffs and the members of the collective constitute unlawful "kick-backs" to an employer under the FLSA and

violated Plaintiffs' and collective action members' rights to retain all of their tips, 29 U.S.C. § 203(m).

38. The unlawful kickbacks and unlawfully withheld tips required by Defendants were obtained knowingly, willfully, intentionally, or in bad faith.

39. Plaintiffs and the members of the collective are entitled to an award of back pay for all unlawful kickbacks and all amounts of tips withheld by Defendants.

### Count III: Failure to Pay Minimum Wage Required by the Nevada Constitution

40. Plaintiffs incorporate by reference the previous paragraphs of the Complaint.

41. Pursuant to Nev. Const. art. 15, § 16, an employer "shall pay a wage to each employee of not less than the hourly rates" required by state law.

42. Defendants failed to pay Plaintiffs and Class Members the State minimum wage during the statutory period because they did not pay Plaintiffs any wages at all.

43. Plaintiffs are owed the upper-tier minimum wage for all hours worked because Defendants did not provide them with qualifying health insurance benefits.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following:

a. An order authorizing the sending of appropriate notice to current and former exotic dancers of Defendants who are potential members of the collective action under the Fair Labor Standards Act, giving them the opportunity to opt-in to this action;

b. A declaratory judgment that Defendants have willfully and in bad faith violated the minimum wage provisions of the FLSA, and has deprived Plaintiffs and the members of the collective of their rights to such compensation;

c. A declaratory judgment that the Plaintiffs and collective/class members are employees, not independent contractors under the FLSA;

d. Certification of a class pursuant to Fed. R. Civ. P. 23;

e. An order requiring Defendants to provide a complete and accurate accounting of all the wages to which Plaintiffs and members of the class are entitled;

f.    An award of monetary damages to Plaintiffs and members of the collective in the form of back pay for unpaid minimum wages, together with liquidated damages in an equal amount under the FLSA;

g.    An award of monetary damages to Plaintiffs and members of the class in the form of back pay and damages under Nev. Const. art. XV, § 16;

h.    Attorneys' fees and costs;

i.    An award of prejudgment interest, if available; and

j.    Such further relief as the Court deems just and proper.

Date:  September 29, 2023       Respectfully submitted,

                                      */s/ Sean W. McDonald*
KRISTINA L. HILLMAN, ESQ., Nevada Bar No. 7752
SEAN W. McDONALD, ESQ., Nevada Bar No. 12817
WEINBERG, ROGER & ROSENFELD
 A Professional Corporation
3199 E. Warm Springs Rd, Ste 400
Las Vegas, NV 89120
P: (702) 508-9282
F: (510) 337-1023
Email:  nevadacourtnotices@unioncounsel.net
          khillman@unioncounsel.net
          smcdonald@unioncounsel.net


Matthew Thomson,
*Will comply with LR IA 11-2 within 14 days*
Adelaide H. Pagano,
*Will comply with LR IA 11-2 within 14 days*
Mel Gonzalez,
*Will comply with LR IA 11-2 within 14 days*
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800
Email:  mthomson@llrlaw.com
          apagano@llrlaw.com
          mgonzalez@llrlaw.com

  *Attorneys for Plaintiffs*
  *and the Proposed Class and Collective*

156038\1403528