Laurent R.G. Badoux, Esq.
Nevada Bar No. 07265
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, Arizona 85016
Telephone:  602.474.3600
Fax No.:      602.957.1801
lbadoux@littler.com

Kelsey E. Stegall, Esq.
Nevada Bar No. 14279
LITTLER MENDELSON, P.C.
3960 Howard Hughes Parkway
Suite 300
Las Vegas, Nevada 89169.5937
Telephone:  702.862.8800
Fax No.:      702.862.8811
kstegall@littler.com

Attorneys for Defendants
MARLOU CORP D/B/A CLUB PLATINUM AND
RITA CAPOVILLA

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| LINDA WHEELER and KARISSA ANN HUGH, individually, and on behalf of similarly situated individuals,<br><br>Plaintiffs,<br><br>v.<br><br>MARLOU CORPORATION d/b/a CLUB PLATINUM, a Nevada corporation, and RITA CAPOVILLA,<br><br>Defendants. | Case No. 2:23-cv-01556-APG-BNW<br><br>**STIPULATION AND ORDER TO STAY DISCOVERY PENDING MEDIATION**<br><br>**[SECOND REQUEST]** |

     Plaintiffs LINDA WHEELER and KARISSA ANN HUGH, and Defendant MARLOU CORPORATION d/b/a CLUB PLATINUM and RITA CAPOVILLA, through their respective counsel, hereby stipulate and agree to stay discovery pending mediation.

     Courts have "broad discretion in managing their dockets." *Byars v. Western Best, LLC*, No. 2:19-cv-1690-JCM-DJA, 2020 WL 8674195, at *1 (D. Nev. Jul. 6, 2020) (citing *Clinton v. Jones*, 520

U.S. 681, 706–07 (1997)). In exercising this discretion, "court are guided by the goals of securing the just, speedy, and inexpensive resolution of actions." *Id.*; *see also* Fed. R. Civ. P. 1. This broad discretion applies to discovery, including whether to allow or deny discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

The parties requested a 60-day stay of discovery in order to engage in third-party mediation, which the Court granted and stayed discovery until May 19, 2025, (ECF No. 34). The parties scheduled mediation with their agreed-upon mediator to occur on May 20, which was the only mutually agreeable date of availability for the mediator and the parties' counsel. Given that the parties have not yet engaged in the mediation, the parties are requesting an additional 14-day stay of discovery to allow for the mediation to occur and any other logistics to be figured out in that time. This would extend the stay from May 19, 2025, to June 2, 2025. No later than June 2, 2025, the parties will file a joint status report indicating whether settlement was reached or setting forth new proposed deadlines for the close of discovery, dispositive motions, the pretrial conference, and trial.

Accordingly, the parties agree that good cause exists to continue the stay of discovery given that the parties will imminently engage in formal mediation in an attempt to pursue a full resolution of this matter. *See Schrader v. Wynn Las Vegas, LLC*, No. 2:19-cv-02159-JCM-BNW, 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021); *Aristocrat Techs., Inc. v. Light & Wonder, Inc.*, No. 2:24-cv-00382-GMN-MDC, 2024 WL 2302151, at *1 (D. Nev. May 21, 2024).

Therefore, the Parties hereby agree and stipulate that:

1. All discovery deadlines in this action shall continue to be stayed for an additional period of fourteen (14) days in order for the parties to engage in mediation. The parties thus request discovery be stayed until **June 2, 2025**, in order to facilitate mediation efforts and to divert time and resources to same.

2. Should mediation result in resolution, the parties will notify the Court accordingly. Should mediation not result in resolution, no later than **June 2, 2025**, the parties agree to submit a stipulation setting forth new proposed deadlines for the close of discovery, dispositive motions, the pretrial conference, and trial.

3. The parties represent that they would expect to request an additional sixty (60) days to

complete discovery if mediation is not successful.

4. This is this second request for a limited stay of discovery and a second request related to scheduling order.

5. The parties agreed that pursuant to Local Rule 26-3, a motion or stipulation to extend a deadline set forth above must be received by the Court no later than 21 days before the expiration of the subject deadline, and a request made within 21 days of the deadline must be supported by a showing of good cause.

6. The Parties aver that good cause exists here because the parties have scheduled mediation, will participate in it shortly, and will update the Court accordingly regarding the results from the same.

7. The Parties make this stipulation in good faith and not for the purpose of delay.

Dated: May 13, 2025

Respectfully submitted,

*/s/ Matthew Thomson*
Matthew Thomson
Lichten & Liss-Riordan, PC

Kristina L. Hillman
Sean W. McDonald
Weinberg, Roger & Rosenfeld

Attorneys for Plaintiffs
LINDA WHEELER and
KARISSA ANN HUGH

Dated: May 13, 2025

Respectfully submitted,

*/s/ Kelsey E. Stegall*
Laurent R.G. Badoux
Kelsey E. Stegall
Littler Mendelson

Attorneys for Defendants
MARLOU CORP d/b/a CLUB PLATINUM
and RITA CAPOVILLA

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

Dated:  May 16, 2025

4938-1073-8242.1 / 122709.1001